FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 20 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAN NGOC TRAN,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
91-CR-838 (CBA)
15-CV-3808 (CBA)

**AMON, United States District Judge:**

Before the Court is Petitioner Lan Ngoc Tran's pro se motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. (D.E. # 682.) Exercising the considerable discretion Rule 60(b) confers upon it, see, e.g., Israel v. Carpenter, 120 F.3d 361, 365 (2d Cir. 1997), the Court denies the motion.

## BACKGROUND

On March 30, 1992, Petitioner was convicted of racketeering, murder conspiracy, extortion, and other crimes related to his membership and leadership in the New York gang Born To Kill, which consisted almost entirely of young Vietnamese males. See Mem. & Order ("M&O") at 1, Tran v. United States, No. 15-CV-3808, D.E. # 2; United States v. Thai, 29 F.3d 785, 795 (2d Cir. 1994). The Court sentenced him principally to two concurrent terms of life imprisonment, a concurrent term of 20 years' imprisonment, and a concurrent term of 10 years' imprisonment, followed by two concurrent terms of three years' supervised release. Thai, 29 F.3d at 794. The Second Circuit affirmed Petitioner's conviction and sentence on direct appeal, id. at 820–21, and the Supreme Court denied his petition for certiorari on October 31, 1994, Tran v. United States, 513 U.S. 977, 977 (1994).

On October 16, 1998, Petitioner filed an application for writ of coram nobis under 28 U.S.C. § 1651 or, in the alternative, habeas corpus under 28 U.S.C. § 2255. The Court construed

1

the filing as a § 2255 petition, which it dismissed as time-barred under the then-recently enacted Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Villanueva v. United States, 346 F.3d 55, 59 (2d Cir. 2003). On March 17, 2000, the Second Circuit denied Petitioner's motion for a certificate of appealability, agreeing with this Court on the statute-of-limitations issue. Id. Petitioner found himself in a bind, because AEDPA prevents him from filing freely a "second or successive" § 2255 petition in this Court and requires him, instead, to request leave to file such a petition in the Second Circuit, see 28 U.S.C. § 2244(b)(3). In February 2001, Petitioner filed an application for leave to file a new petition with the Second Circuit, arguing that the new petition would not qualify as "second or successive" under AEDPA because the first petition was dismissed only as time-barred. Therefore, Petitioner argued, the petition need not comply with the stringent requirements set by § 2244. The Second Circuit in Villanueva disagreed, finding that his petition was second or successive and failed to comply with the statute. Id. at 63–64.

On June 29, 2015, Petitioner, then proceeding pro se, filed with this Court a motion to vacate, set aside, or correct his sentence, pursuant to § 2255. Petitioner argued that this Court in 1992 erroneously calculated his offense levels under the United States Sentencing Guidelines ("USSG"). Mot. to Vacate, Set Aside, or Correct Sentence ("Mot.") at 6, Tran, D.E. # 1. Petitioner argued that the motion was not a second or successive petition because the prior § 2255 petition was dismissed in light of "technical procedural reasons." M&O at 2 (quoting Mot. at 2). But in a Memorandum and Order entered into the docket on July 20, 2015, the Court rejected his argument, finding it foreclosed by Villanueva. Id. Finding no jurisdiction at the district level, the Court under 28 U.S.C. § 1631 transferred the motion to the Second Circuit. Id. at 2–3. On September 8, 2015, the Second Circuit construed the motion as a second or successive petition under AEDPA and denied Petitioner leave to file it. Order, Tran v. United States, No. 15-2312-CV, D.E. # 29 (2d

Cir. Sept. 8, 2015). The Second Circuit held that the petition fails to comply with §§ 2244(b) and 2255(h) because it neither relied on a new rule of constitutional law made retroactive on habeas review by the Supreme Court, nor demonstrated due diligence in discovering the alleged evidence of this Court's sentencing errors. Id. at 1.

On September 28, 2015, Petitioner filed the instant Rule 60(b) motion. (D.E. # 682.) Petitioner argued that he discovered a "recent defect in the integrity of the habeas proceeding," and that the defect "transpired in the Appeallant [sic] Court's judgment." (Id. at 3.) Petitioner argues that the June 29, 2015, § 2255 motion should have been "sen[t] . . . back down to" this Court by the Second Circuit "to fix the grave error of the imposition of a life sentence that should have never been imposed in the first place." (Id. at 3.) Petitioner added that the Second Circuit was "flawed in not supporting allowable review by" this Court; that this Court "is now able to take jurisdictional review over" the sentencing arguments; and that this Court is "not now constrained by the Appeals Court decision to grant approval for review." (Id. at 4.) In addition, Petitioner attached the portion of his June 29, 2015, § 2255 motion containing his sentencing arguments, as well as nine additional documents in an attempt to show that he was diligent in seeking counsel to help him make those sentencing arguments. (See D.E. # 682 at 6–26; id., Exs. A–B.)

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides that this Court may "relieve a party . . . from a final judgment, order, or proceeding" for a number of reasons, such as "excusable neglect" and "newly discovered evidence that, with reasonable diligence, could not have been discovered" previously. In the habeas context, the Court may apply Rule 60(b) only in limited circumstances. Petitioner may raise only "defect[s] in the integrity of the federal habeas proceedings," not claims attacking the underlying conviction or sentence on the merits. See, e.g.,

Schwamborn v. United States, 507 F. Supp. 2d 229, 240 (E.D.N.Y. 2007); cf. Gonzalez v. Crosby, 545 U.S. 524, 530–34 (2005). Reviewable defects include the misapplication of the one-year statute of limitations set by AEDPA and the lack of the court's jurisdiction to enter a habeas judgment. See Gonzalez, 545 U.S. at 533–34. Still, the Court need not entertain "disingenuous" attacks on the integrity of the prior habeas proceeding. See Rodriguez v. United States, 164 F. Supp. 3d 561, 568 (S.D.N.Y. 2016), certificate of appealability denied, Mot. Order, No. 16-1208-CV, D.E. # 39 (2d Cir. Sept. 22, 2016).

In this case, Petitioner's motion is outside the scope of Rule 60(b). With respect to the alleged defects in the habeas proceedings, Petitioner makes only "disingenuous" arguments that "actually attack his underlying sentence" and are therefore new claims outside the scope of a Rule 60(b) motion. See Rodriguez, 164 F. Supp. 3d at 567. In any event, Petitioner's alleged defects lie not in any habeas judgment of this Court, but rather in a habeas judgment of the Second Circuit. This Court cannot grant relief from a Second Circuit judgment in any action, habeas or otherwise, because of the "law of the case" doctrine. See, e.g., Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979) ("[T]he Rule 60(b) motion . . . is addressed not to the district court's judgment but to the judgment of the court of appeals. This judgment, however, the district court is without jurisdiction to alter or set aside. The court of appeals' rulings are the law of the case, and the district court is bound to follow them . . . ."); cf. Briggs v. Pa. R. Co., 334 U.S. 304, 306 (1948) ("In its earliest days this Court consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court."). Accordingly, the Court rejects Petitioner's arguments for seeking relief under Rule 60(b).

## CONCLUSION

In short, Petitioner asserts arguments beyond the scope of Rule 60(b). The Court therefore DENIES his Rule 60(b) motion. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c). Pursuant to 28 U.S.C. § 1915(a)(3), the Court denies Petitioner leave to file an appeal in forma pauperis, certifying that any appeal of this Memorandum and Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 443–45 (1962).

SO ORDERED.

Dated: December 19, 2017
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge