UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
LAN NGOC TRAN,

              Petitioner,

  -against-

UNITED STATES OF AMERICA,

              Respondent.
------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
91-CR-838 (CBA)
15-CV-3808 (CBA)



**AMON, United States District Judge:**

Petitioner Lan Ngoc Tran ("Tran") is serving life in prison for convictions of racketeering, murder conspiracy, extortion, and other crimes. (D.E. # 688.) The Court denied as time-barred his first habeas application under 28 U.S.C. § 2255. See Villanueva v. United States, 346 F.3d 55, 59 (2d Cir. 2003) (affirming decision). In a December 20, 2017, Memorandum and Order ("M&O"), the Court denied Tran's motion, under Rule 60(b) of the Federal Rules of Civil Procedure, for relief from the Second Circuit's judgment not to grant him leave to file a second or successive § 2255 application challenging his sentence. (See D.E. # 688.) Tran has filed a notice of appeal for review of the M&O. (D.E. # 691–92.) Before the Court is his pro se motion "for relief of a[n] extreme sentence under the Holloway doctrine" (the "Holloway motion"). (D.E. # 692.) He emphasizes that his motion is not one for reconsideration of the M&O. (Id. at 2.) For the reasons stated below, the Court denies Tran's Holloway motion.

The Court finds that it lacks jurisdiction to hear the motion because Tran has sought appellate review of the M&O. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); see also Manrique v. United States, 137 S. Ct. 1266, 1271 (2017) ("Filing a notice of appeal transfers adjudicatory authority from the district

1

court to the court of appeals."). This Court lacks jurisdiction to "rule on any motion affecting an aspect of the case that [i]s before [the Second Circuit] . . . while that appeal [i]s pending." Ching v. United States, 298 F.3d 174, 180 n.5 (2d Cir. 2002) (emphasis added). Here, the Holloway motion relates to the same purported sentencing errors he referenced in his Rule 60(b) motion. Tran admits as much. (See D.E. # 692 at 1 ("Herefore, petitioner ask[s] this court and the United States Attorney to seek 'correction' of the injustice done, as highlighted below, and remove the illegal life sentence, due to errors in calculating the U.S.S.G. base offense level by double counting, as shown in the recently filed (denied) 60(B) motion (Dec. 17, 2017). Now pending direct appeal in the Second Circuit C.A. . . .").) Because the motion "affect[s] an aspect of the case" before the Second Circuit, the Court does not have jurisdiction to address his motion.[1] Ching, 298 F.3d at 180 n.5.

The Court lacks authority to hear the Holloway motion for a second reason. In United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), then-Judge John Gleeson vacated a criminal judgment and resentenced the movant after he twice had requested—and the United States Attorney later had consented to—the reopening of a denied § 2255 petition under Rule 60(b), see id. at 311, 314. No Court of Appeals has endorsed the judge's actions in Holloway, and the Fifth Circuit expressly declined to apply the case, see United States v. Berry, 869 F.3d 358, 359 (5th Cir. 2017) (per curiam). Regardless, "unless the government acquiesces to the reduction, there is no jurisdiction for the district court to reduce the defendant's sentence" under Holloway. Whitt v. United States, No. 95-CR-33 (WCL), 2017 WL 5257709, at *3 (N.D. Ind. Nov. 13, 2017)

---

[1] The record does not reveal the dates when Tran's Holloway motion and notice of appeal should be deemed "filed" pursuant to the prisoner mailbox rule. Theoretically, he filed the motion before the notice. Rule 4(a)(4) of the Federal Rules of Appellate Procedure tolls the effect of a notice of appeal if certain motions are pending. Still, Rule 4(a)(4) does not provide for tolling with respect to Holloway motions. Thus, even if Tran had filed his Holloway motion first, the Court lost jurisdiction to decide the motion on the date of the notice's filing.

(collecting cases); see also United States v. Sumner, 210 F. Supp. 3d 21, 24 (D.D.C. 2016); United States v. Marin-Moreno, No. 08-CR-605 (JG), 2016 WL 901666, at *2 (E.D.N.Y. Mar. 9, 2016) (Gleeson, J.) (requiring "express consent"). In this case, the interim United States Attorney has not given his express consent to Holloway vacatur and resentencing, despite Tran's request for the remedy, (see D.E. # 690 at 1). Without such consent, the Court lacks jurisdiction to provide his desired relief.

Even if the Court were to have jurisdiction, the Court would deny the Holloway motion on the merits. Holloway relief is an extraordinary remedy, and district courts generally permit it only for defendants whose prison sentences, though legally issued, appear to be unjust given the factual circumstances, see, e.g., Eubanks v. United States, No. 92-CR-392 (LAP), 2017 WL 2303671, at *4 (S.D.N.Y. May 9, 2017). Liberally construed, Tran's pro se motion has not made the requisite showing that his sentence is manifestly unjust. And to the extent that he attempts to raise legal challenges to his sentence, the proper procedural vehicle is to seek leave from the Second Circuit to file a second or successive § 2255 action, not to file a Holloway motion. See generally Gonzalez v. Crosby, 545 U.S. 524 (2005).

Accordingly, the Court DENIES Tran's Holloway motion.

SO ORDERED.

Dated: February 28, 2018
      Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge